Giménez Muñoz, Juez Ponente
*1007 TEXTO COMPLETO DE LA RESOLUCION
I
Se trata de un trámite disciplinario llevado contra un empleado público por unos sucesos ocurridos en su lugar de empleo y en vista del cual como sanción se emitió una reprimenda escrita.
II
El recurrente, Francisco Quiñones Caraballo, quien se desempeñaba en el puesto de Enfermero Práctico en el Hospital de Psiquiatría de Ponce y al salir de su turno de trabajo el 7 de septiembre de 1995, caminaba junto a un grupo de varios empleados y compañeros de labores, cuando uno de ellos le pellizco un glúteo. Cuatro días más tarde, el 11 de septiembre de 1993, cuando el recurrente se encontraba en la estación de enfermeros junto a otros dos compañeros, José L. Torres Oliveras y Angel Oquendo, surgió el incidente del pellizco y el recurrente, levantándose de la silla en la que estaba sentado, sujetó por el cuello al señor Torres, que le empujó contra la pared.
El 4 de octubre de 1993 fue sometida una solicitud de medidas disciplinarias contra el recurrente por este incidente. En agosto de 1994 el asunto fue asignado a la Sra. Aida Millán Vega, Técnico Legal de la Administración de Servicios de Salud Mental y Contra la Adicción (ASSMCA), para la investigación correspondiente.
El proceso investigativo estuvo afectado y retrasado por razón de que para el mes de octubre de 1993 fue creada la ASSMCA como resultado de la fusión de la Secretaría de Salud Mental y el Departamento de Servicios Contra la Adicción. Nos informa esta agencia que la división legal contaba, a la sazón, con una abogada y una Técnico Legal, quienes con motivo de la fusión, recibieron un aumento considerable en el volumen de casos que atendían.
El 7 de abril de 1995 el recurrente fue citado a una vista administrativa informal, formulándosele así cargos en su contra. A la vista fueron citados, además del recurrente, los compañeros de trabajo relacionados con el incidente. En la vista el recurrente se negó a narrar su versión del incidente, pero entregó un informe suscrito por él de 13 de septiembre de 1993 que contenía su versión de lo ocurrido.
La Oficial Examinadora designada rindió un informe y recomendaciones el 10 de julio de 1995 y en esa misma fecha la ASSMCA acogió la recomendación y emitió como sanción disciplinaria una reprimenda escrita contra el recurrente. Inconforme, el recurrente apeló ante la Junta de Apelaciones del Sistema de Administración de Personal (J.A.S.A.P.) y ésta, celebrada una vista pública, confirmó las medidas disciplinarias por resolución que emitiera el 17 de marzo de 1997. El 19 de marzo de 1997 se archivó en autos una copia de la notificación del dictamen emitido por la J.A.S.A.P.
El recurrente, por estar inconforme con lo resuelto por la J.A.S.A.P., acudió ante este Tribunal de Circuito de Apelaciones el 18 de abril de 1997. Señala la comisión de tres errores, a saber: (1) interpretar que la violación al debido proceso de ley no tuvo el efecto de menoscabar sus intereses y derechos; (2) interpretar que la inacción e incuria de la ASSMCA fue por una circunstancia excepcional excusable y, (3) al no interpretar de forma progresiva la medida disciplinaria en cuestión.
III
Aunque el empleado público tiene el derecho a una vista informal previa al despido, la garantía del debido proceso de ley no requiere en todo caso la celebración de una vista previa *1008 a toda privación de un derecho propietario. Cuando se trata de una privación temporal es suficiente que en algún momento oportuno del proceso el empleado tenga la oportunidad de defenderse y presentar su versión en un procedimiento que le provea las adecuadas garantías. Torres Solano v. Puerto Rico Telephone Company, 127 D.P.R. 499 (1990). La vista informal, previa a un despido, se reconoce cuando se afecta un interés propietario al privarse al empleado de su salario, empleo o sueldo, pero no todo despido sumario requiere una vista formal. Marrero Caratini v. Rodríguez Rodríguez, 140 D.P.R. _ (1995), 95 JTS 44. En el caso de Marrero Caratini, supra, fue resuelto que un inspector de la Comisión de Servicio Público, dada las circunstancias del caso, tenía derecho a una vista formal previo a ser destituido.
En el caso ante nos y aplicados los principios esbozados, encontramos que la ASSMCA, previo a la imposición de la medida disciplinaria de amonestación escrita, informó el 18 de abril de 1995 al recurrente que existía una solicitud de medidas disciplinarias en su contra. Le citó a vista administrativa informal, en la cual tenía la oportunidad de exponer su versión del incidente. Posteriormente, el 10 de julio de 1995, y luego de celebrada la vista, se le impuso al recurrente la medida disciplinaria que impugna. Es decir, mediante la acción disciplinaria impuesta, ningún derecho propietario le fue afectado al recurrente, pues previo a la imposición de la medida disciplinaria, la agencia ofreció al recurrente las garantías mínimas que requiere el debido proceso de ley.
El tiempo transcurrido entre lo hechos ocurridos y la imposición de la medida disciplinaria, se alega, fue una irrazonable, pues la sección 3.13 de la Ley Núm. 170 del 12 de agosto de 1988, Ley de Procedimiento Administrativo Uniforme, ordena que todo caso sometido a un procedimiento adjudicativo ante una agencia, debe resolverse dentro de un período de seis meses, salvo que medien circunstancias excepcionales.
Ese término de seis meses se indicó en Asociación de Miembros de la Policía v. Superintendente, 137 D.P.R. _ (1994), 94 J.T.S. 83, es inaplicable a los procedimientos investigativos que se llevan a cabo previo a la formulación de cargos.
En el caso ante nos, los hechos ocurrieron el 11 de septiembre de 1993; el asunto fue asignado para investigación a la Técnico Legal de la ASSMCA a finales de agosto-de 1994, ello debido a los inconvenientes que produjo la creación de la ASSMCA con la fusión de la Secretaría de Salud Mental y el Departamento de Servicios Contra la Adicción. Al formularse cargos al recurrente y citarse para vista el 7 de abril de 1995, el recurrente estuvo advertido de las medidas disciplinarias de modo que el propósito del informe, rendido tres meses después, el 10 de julio de 1995, no fue sorpresa para él.
De otra parte, es correcto que la ASSMCA omitió informar al recurrente, al emitir la medida disciplinaria, de su derecho a acudir en alzada ante la J.A.S.A.P., según lo dispuesto en la sección 3.14 de la L.P.A.U., 3 L.P.R.A. see. 2164. Mas esa omisión no afectó los derechos sustantivos del recurrente, pues éste compareció ante la J.A.S.A.P., asistido de abogado, dentro del término reglamentario.
Por lo expresado, pues, podemos concluir que la ASSMCA le concedió al recurrente todas las garantías del debido procedimiento de ley en ambas etapas, investigativas y adjudicativas. No habiendo incurrido la agencia en incuria, resulta improcedente lo aducido por el recurrente a los efectos de que por estar sujeto a un procedimiento disciplinario, quedó excluido del grupo de empleados a ser considerados para un aumento por productividad. Además, informa la recurrida que las normas de éstas establecían que no eran elegibles a recibir aumentos los empleados que tuviesen pendientes alguna determinación sobre medidas disciplinarias. La situación de hechos que nos ocupa, además, no constituye una actuación irrazonable, arbitraria o ilegal de la agencia que requiera ejercer nuestra facultad revisora. *1009 Fuentes v. Administración de Reglamentos y Permisos, 136 D.P.R. _ (1993), 93 JTS 165.
El tercer error imputado, que la ASSMCA incidió al imponer la sanción de reprimenda escrita tampoco fue cometido. Aduce el recurrente que lo procedente era una reprimenda oral y que la sanción no guarda relación con la norma de disciplina correctiva. No le asiste la razón.
La Ley de Personal de Servicio Público establece en la sección 4.6, 3 L.P.R.A. see. 1336 (3), la reprimenda escrita como una de las medidas correctivas que pueden ser dispuestas. Es cierto que el hecho de haber sido objeto de un pellizco en los glúteos no refleja una correcta convivencia social entre compañeros de trabajo. Pero también es cierto que el recurrente tenía disponible otros cursos de acción, como el presentar una querella o denuncia, pero optó por obrar de un modo inaceptable en el lugar de empleo. La sanción impuesta al recurrente, consideramos, es proporcional a la conducta observada.
IV
Por las consideraciones anteriores, se deniega el recurso solicitado.
Así lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 98 DTA 72
1. Hecho notorio y público.